# UNITED STATES COURT OF INTERNATIONAL TRADE

Before: Hon. Timothy C. Stanceu, Hon. Jennifer Choe-Groves, Hon. M. Miller Baker

| | |
|---|---|
| **STANLEY BLACK & DECKER, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES; JOSEPH R. BIDEN, JR., in his official capacity as PRESIDENT OF THE UNITED STATES; U.S. CUSTOMS & BORDER PROTECTION; TROY A. MILLER in his official capacity as SENIOR OFFICIAL PERFORMING THE DUTIES OF COMMISIONER OF U.S. CUSTOMS & BORDER PROTECTION; UNITED STATES DEPARTMENT OF COMMERCE; and GINA M. RAIMONDO in her official capacity as SECRETARY OF COMMERCE,**<br><br>**Defendants.** | **Court No. 21-00262-TCS-JCG-MMB** |

## PLAINTIFF'S CONSENT MOTION TO STAY

Pursuant to Rules 1 and 7 of the Rules of the U.S. Court of International Trade ("CIT"), plaintiff Stanley Black & Decker, Inc. ("Stanley") moves this Court on consent to enter a stay of the merits of this case until 65 days after a final decision on appeal in *PrimeSource Building Products, Inc. v. United States, et. al.*, No. 20-00032, 2021 Ct. Intl. Trade LEXIS 36 (Ct. Int'l Trade Apr. 5, 2021), *appeal docketed*, 21-2066 (Fed. Cir. June 17, 2021).  In Slip Op. 21-36, issued on April 5, 2021, the CIT granted summary judgment to *PrimeSource* on its claim that Proclamation 9980 was issued beyond the statutory time limits set forth in Section 232.  The court declared Proclamation 9980 invalid as contrary to law and directed those unliquidated

entries affected by the litigation be liquidated without the assessment of duties and previously

liquidated entries be reliquidated with the Section 232 duties refunded to the importer. *Slip op*.

21-36 at 11-12.  That decision is now on appeal to the U.S. Court of Appeals for the Federal

Circuit.

Stanley seeks to stay the instant matter until 65 days after the *PrimeSource* matter is

final because this case and *PrimeSource* present identical issues.  Like the plaintiff in

*PrimeSource,* Stanley challenges the defendants' issuance and implementation of

Presidential Proclamation 9980 ("Proclamation 9980"), published as *Adjusting Imports of*

*Derivative Aluminum Articles and Derivative Steel Articles into the United States,* 85 Fed.

Reg. 5281 (Jan. 29, 2020), alleging:

1. The issuance, implementation, and enforcement of Proclamation 9980 violates the requirements mandated by Section 232 because the President promulgated Proclamation 9980 nearly two years after the President promulgated Proclamation 9705.  Proclamation 9705 cannot comprise the basis for Proclamation 9980 because the time elapsed between Proclamation 9705 and Proclamation 9980 far exceeds the fifteen days permitted by Section 232 for implementing any remedial action determined by the President;

2. That Proclamation 9980 violated Section 232 and the Administrative Procedures Act, 5 U.S.C. §§ 702, *et seq*., by not complying with the applicable statutory and regulatory requirements; and,

3. Stanley's Fifth Amendment rights were violated by the application of Proclamation 9980.

Given the common legal questions posed in this case and in *PrimeSource*, the outcome of the

*PrimeSource* appeal will likely be controlling authority in this case.  As such, the resources of

the parties and the court in the instant matter are conserved by staying the case pending

resolution of *PrimeSource*.

**ARGUMENT**

Stanley believes that a stay of this proceeding would serve the interests of judicial economy as well as the interests of the parties.  *See generally, Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also, An Giang Agriculture and Food Import Export Company v. United States*, 350 F.Supp.2d 1162, 1167 (CIT 2004). According to the court in *An Giang*:

> . . . a case may properly be stayed pending the outcome of another case (the "lead" case) even where the "lead" case may not be potentially dispositive of the case sought to be stayed -- i.e., even where the "lead" case may, at most, streamline the issues in the case sought to be stayed. *See, e.g., Landis*, 299 U.S. at 256, 81 L. Ed. 153, 57 S. Ct. 163 (noting that, even though "every question of fact and law" in the case sought to be stayed might not be decided in the "lead" case, "in all likelihood [the "lead" case] will settle many and simplify them all") . . ..

350 F. Supp.2d at 1168 n. 9.

As stated above, the ultimate resolution of the *PrimeSource* case will likely resolve this matter without the necessity of going to trial, or, alternatively, it may narrow the issues in dispute.  Therefore, a stay of this matter until 65 days after a final decision in the *PrimeSource* case would be the most efficient course of action, serve the interests of the parties, and promote judicial economy. *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1336 (CIT 2013) (stay orders appropriate where "the interests of judicial economy" are promoted and "resources of the parties as well as the court" are conserved).

Defendants will not face hardship if a stay is granted. *Landis v. N. Am. Co.,* 299 U.S. 248, 257 (1936) (the power to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").  Stanley continues to pay, and

Defendants continue to collect, the section 232 duties when Stanley's merchandise subject to Proclamation 9980 enters the United States.  Nor will a stay in this matter delay the final decision in *PrimeSource*, as that matter is proceeding according to its schedule independent of the instant case.  In sum, no party to this matter is treated inequitably, or suffers any hardship, if it is stayed.

Although the parties agree that disposition of the merits of this case should be stayed pending *PrimeSource*, the parties anticipate that some procedural motions will shortly be filed, including motions (a) to amend the Complaint, and (b) requesting an injunction against liquidation of entries.

## CONSENT OF THE OTHER PARTIES

Plaintiff's undersigned counsel conferred with counsel for the Government, Joshua E. Kurland, on July 29, 2021. Mr. Kurland consented to the relief requested.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff respectfully requests that its Motion for a Stay be granted.

Respectfully submitted,

*/s/ Lawrence J. Bogard*

_____

Lawrence J. Bogard
John B. Totaro, Jr.
Neville Peterson LLP
1400 16th Street. N.W., Suite 350
Washington, D.C.  20036
(202) 776-1150
lbogard@npwdc.com

*Attorneys for Plaintiff*

July 30, 2021

4